**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4958**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

     v.

JASON LEMAR MEDLYN,

                  Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:13-cr-00006-H-1)

Submitted:  August 28, 2014      Decided:  September 5, 2014

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Mark R. Sigmon, GRAEBE HANNA & SULLIVAN, PLLC, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Lemar Medlyn pled guilty, in accordance with a written plea agreement, to conspiracy to possess a stolen firearm and ammunition, in violation of 18 U.S.C. § 371 (2012) (Count One); possession of firearms in a school zone, and aiding and abetting, in violation of 18 U.S.C. §§ 922(q), 924(a)(2), 2 (2012) (Count Three); and possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012) (Count Five). Medlyn was sentenced to consecutive terms of sixty months on Count One, sixty months on Count Three, and 120 months on Count Five, for a total term of 240 months' imprisonment. Medlyn timely appealed.

Medlyn's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether Medlyn's sentence was reasonable, whether venue was proper in the Eastern District of North Carolina for Count Three, and whether counsel was ineffective for inadequately explaining the potential sentence Medlyn faced and failing to challenge venue for Count Three or object to the presentence investigation report. Medlyn was advised of his right to file a pro se supplemental brief but did not file such a brief. The Government has moved to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. We affirm in part and dismiss in part.

2

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record leads us to conclude that Medlyn knowingly and voluntarily waived the right to appeal his sentence, except for claims of ineffective assistance or prosecutorial misconduct not known to Medlyn at the time of his guilty plea. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of his sentence to the extent that his claims do not rest on grounds of ineffective assistance of counsel. Because the waiver does not preclude our review of Medlyn's convictions or his challenges to his sentence based on ineffective assistance, we deny the motion to dismiss in part.

Turning to Medlyn's challenge to venue for Count Three, the issue is waived because counsel did not object to venue in the district court. United States v. Ebersole, 411 F.3d 517, 527-28 (4th Cir. 2005); United States v. Stewart, 256

3

F.3d 231, 238 (4th Cir. 2001).  The remainder of Medlyn's claims assert ineffective assistance of counsel.  Such claims "are generally not cognizable on direct appeal."  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Instead, to allow for adequate development of the record, a defendant must ordinarily bring his ineffective assistance claims in a 28 U.S.C. § 2255 (2012) motion.  King, 119 F.3d at 295.  However, we may entertain such claims on direct appeal if "it conclusively appears from the record that defense counsel did not provide effective representation."  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Because Medlyn's alleged ineffective assistance of counsel claims are not conclusive on the record, we decline to address them in this appeal.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaived issues and have found none. We therefore affirm in part and dismiss in part.  This court requires that counsel inform Medlyn, in writing, of his right to petition the Supreme Court of the United State for further review.  If Medlyn requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Medlyn.  We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART